**\*NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
:
MARCIANO PARODI &  :
PATRICIA PARODI,  :
 :
:   Civil Action No. 08-1095 (FLW)
    Plaintiffs, pro se,  :
:   **OPINION**
   v.   :
 :
JOANNE MCLAUGHLIN, et al.,  :
 :
 :
    Defendants.   :
_____:

**WOLFSON, United States District Judge:**

Presently before the Court is a motion by Defendants, Joanna McLaughlin, M.S.W. ("McLaughlin"), Family Counseling Specialist; Kristy A. Docke[1] ("Docke"), Investigator; and Paul Eulner ("Eulner"), Probation Officer (collectively, "Defendants"), to dismiss Marciano and Patricia Parodi's ("Plaintiffs" or " the Parodis"), pro se, Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice.  In their Complaint, Plaintiffs allege that Defendants violated their civil rights pursuant to 42 U.S.C. § 1983 by committing numerous acts of fraud and depriving them of their Constitutional rights stemming from a child custody matter.[2]  For the reasons that follow, the Court grants Defendants' Motion to Dismiss Plaintiffs' Complaint with prejudice.

_____

[1]Now Probation Officer Kristy A. Smith.

[2]The district court has subject matter jurisdiction over this § 1983 action pursuant to 28 U.S.C. § 1331.

**I. Background and Procedural History**

Since Defendants move to dismiss Plaintiffs claims pursuant to Fed. R. Civ. P. 12(b)(6), the following version of events assumes pro se Plaintiffs' allegations to be true and the Court will read their Complaint liberally. Moreover, because Plaintiffs' Complaint does not sufficiently allege the facts upon which their claims are based, the Court refers to the facts set forth by the public documents from Plaintiffs' state court action, to which both parties have referred, to understand the basis of this action.[3]

The instant case arises from a series of Orders and proceedings stemming from a state court custody matter in which Plaintiffs unsuccessfully sought custody of Patricia Parodi's ("Mrs. Parodi") children from their biological father, Frederick McCall ("McCall"). Certification of V. Nicole Langfitt ("Langfitt Cert."), Ex. G, at 1. Plaintiffs here, are the children's biological mother, Mrs. Parodi, and Mrs. Parodi's husband, Marciano Parodi ("Mr. Parodi"). Plaintiffs' claims relate to the numerous orders which were issued by the state court relating to the children involved. Compl. ¶¶ 9, 13.

On October 1, 2001, the Honorable Thomas W. Cavanagh, Jr., J.S.C. ("Judge Cavanagh"), ordered a Custody Evaluation Report and Home Inspection Report of the houses of both the biological father and Plaintiffs. Langfitt Cert., Ex. A. Judge Cavanagh also ordered all parties, including Mr. Parodi, to undergo random urine testing. Id. Judge Cavanagh and the

---

[3]Although as a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings, an exception to the rule exists with documents that are integral to or explicitly relied upon in the complaint. See In re Burlington Coat Factory, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations and quotations omitted). Such documents may be considered without converting the motion to dismiss into one for summary judgment. See Id.

Honorable Jamie S. Perri, J.S.C. ("Judge Perri") ordered subsequent substance abuse screening of Mr. Parodi on November 18, 2001, December 3, 2001, February 13, 2002, and March 12, 2002.  Id., Ex. B, C, D, E.  Defendants McLaughlin, Docke. and Eulner were appointed to complete these reports.  As a result, Plaintiffs allege that Defendants, individually and in concert, "harrassed, (sic) filed fraudulent reports as well as breached their ethical duties in a child custody matter."  Compl. ¶ 7.

Family Counseling Specialist McLaughlin allegedly submitted to the court negative reports about Mr. Parodi, asserting that he had "embarrassed, frightened and disparaged her," while casting the biological father favorably, which had a "detrimental effect" on Plaintiffs.  Id. ¶ 8.[4]  Docke completed a Home Inspection Report on December 20, 2001.  Langfitt Cert., Ex. F. Docke allegedly investigated Plaintiffs' and the children's living conditions, and prepared and submitted her findings to presiding Judge Perri.  Compl. ¶ 9.  Plaintiffs allege, however, that they were only "allowed to peruse them" and were not permitted to have a copy of these reports, which allegedly prevented Plaintiffs from rebutting the findings and presenting their side to the state court.  Id.  Plaintiffs further allege that they were forced to represent themselves due to indigence while "the defendant was assigned a Public Defender."  Id. ¶ 9.  However, according to Judge Perri's Opinion, dated May 29, 2002, both McCall and Mrs. Parodi appeared pro se in the

---

[4]Plaintiffs attached the complained-of custody report to their Complaint, written by McLaughlin, which allegedly had a detrimental impact on the custody matter; however, it is not a custody report, rather it is a Workplace Violence Notification Memorandum.  Compl. at 13.  A review of the memorandum demonstrates that it was not directed to Judge Perri, but to McLaughlin's supervisor, Mary Ann McGevna.  Id.  Moreover, the notice is dated October 1, 2003, which is well after Judge Perri issued her decision to award sole custody to McCall.  Id. The custody evaluation McLaughlin performed was submitted to the court for review on May 1, 2002.  Langfitt Cert., Ex. G.

custody and visitation dispute.  Noel S. Tonneman, Esq., appointed by the court as guardian ad litem for the children, appeared on the children's behalf, only.  Langfitt Cert., Ex. G at 1.

Plaintiffs allege Eulner, a probation officer assigned to perform drug tests on Mr. Parodi, determined that Mr. Parodi tested positive for marijuana as well as cocaine at least four times. Id. ¶ 10.  Plaintiffs allege that these were false positives and that because of Plaintiffs' claims of innocence, Judge Perri allegedly ordered four drug tests through the Division of Youth & Family Services ("DYFS"), which allegedly turned out negative.  Id.  Plaintiffs allege that Defendants Eulner and Docke were "listed as potential witness in a civil matter arising from incidents in the Court to bolster the defendant's denials in the civil case."  Id. ¶ 11.  It appears that Plaintiffs are referring to a potential witness list in a Pre-Trial Memorandum prepared and submitted by counsel for a Monmouth County Sheriff's Officer during the course of unrelated civil litigation; Defendants Eulner and Docke were never called as witnesses because that matter was resolved prior to trial.  Langfitt Cert., Ex. I.

On May 29, 2002, Judge Perri issued her comprehensive decision, which relied heavily on the testimony of the witnesses during a plenary hearing, and not the allegedly "negative" reports by Defendants, and in so doing, denied Plaintiffs' custody applications and awarded sole custody to McCall.  Langfitt Cert., Ex. G.[5]  On March 3, 2008, Plaintiffs filed their Complaint in

---

[5] In her Opinion on May 29, 2002, Judge Perri wrote "[b]ased on the totality of the record before it, the court finds [Mr.] Parodi unworthy of belief."  Langfitt Cert., Ex. G at 8 (stating, for example, when asked "if he had ever been arrested, [Mr. Parodi] insisted he did not know what it meant to be arrested," and "[e]ven on a topic and benign as his name, [Mr.] Parodi could not tell the truth").  Further, Judge Perri stated that "[t]he fact that [Mrs. Parodi] and her family seem oblivious to the seriousness of [Mr.] Parodi's past history, lies and distortions, and to the danger he poses to [the children] is of substantial concern to the court."  Id. at 9.

this case, alleging Defendants violated their federal civil rights pursuant to § 1983 by committing numerous acts of fraud, i.e. Defendants allegedly submitted numerous "negative" reports to the state court detrimentally effecting their child custody matter, and deprived Plaintiffs of their Constitutional rights. On August 21, 2008, Defendants filed this Motion to Dismiss based upon various legal grounds, i.e., that Plaintiffs failed to state a claim pursuant to Rule 12(b)(6); the Court lacks subject matter jurisdiction under the Eleventh Amendment of the United States Constitution; the claims against them are barred by quasi-judicial and witness immunity and the Rooker-Feldman Doctrine, and that the statute of limitations has run. On November 21, 2008, Plaintiffs filed their opposition. The Court grants Defendants' Motion for the reasons that follow.[6]

**II.  Statute of Limitations**

Defendants argue that Plaintiffs' claims are time-barred. The statute of limitations on claims of federal civil rights violations pursuant to § 1983 is borrowed from the state personal injury statute of limitations, which is two-years in New Jersey. See Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers, 855 F.2d 1080, 1087 (3d Cir. 1988) (applying New Jersey's two-year statute of limitations period to § 1983 claims). Because Plaintiffs' claims arise out of § 1983, the Court necessarily must employ the two-year statute of limitations.

---

[6]Although all of Defendants' grounds have merit, the Court grants Defendants' Motion on the grounds that Plaintiffs' claims are barred by the applicable statute of limitations period, as this is undisputed by Plaintiff and therefore is conceded.

In this case, Defendants' alleged conduct occurred almost seven years prior to the filing of Plaintiffs' Complaint on March 3, 2008. Specifically, the custody report, home inspection report, and drug-screening reports were all submitted to the state court in 2001 and 2002. Further, the state court considered all of the relevant evidence and issued an opinion awarding custody in the child custody matter on May 29, 2002, approximately six years before Plaintiffs filed this suit. Even McLaughlin's Workplace Violence Notification Memorandum was submitted to her supervisor on October 1, 2003, in excess of four years prior to Plaintiffs' allegations here.

The only "conduct" possibly alleged within the two-year statute of limitations involves an allegation that Defendants Docke and Eulner were listed as potential witnesses in a Final Pre-Trial Order, signed by the Honorable Tonianne J. Bongiovanni ("Judge Bongiovanni") on February 9, 2007 and filed on February 13, 2007. That Pre-Trial Order was entered in a federal district court case filed by the same Plaintiffs on March 5, 2004, where they sued Joseph Oxley, individually and in his official capacity as Monmouth County Sheriff, et al., No. 04-1087, alleging, inter alia, § 1983 violations of their rights under the Fourth and Fourteenth Amendments of the Constitution. Plaintiffs' claims in that previous federal case arose out of an incident regarding the temporary detention of Plaintiffs and a physical altercation between Mr. Parodi and a certain sheriff's officer, following a court proceeding in Superior Court in Monmouth County before Judge Perri on March 12, 2002. See Parodi v. Oxley, No. 04-1087. The federal case was dismissed with prejudice by Order signed by Judge Bongiovanni, dated March 6, 2007, after the parties amicably resolved their differences. Id. Importantly, in that unrelated federal court action, Docke and Eulner were not defendants, not involved in the

6

underlying case, did not testify, and did not participate or control the action. Compl. ¶ 11. Even if they had testified in that case, Docke and Eulner's involvement would be wholly unrelated to this case because their testimony would not have impacted the allegedly "negative" reports submitted to the state court or the outcome of the state court custody matter. Indeed, Judge Perri issued the state court Opinion on May 29, 2002. Plaintiffs do not dispute this characterization by Defendants. Thus, any allegation that the appearance of Docke and Eulner's names on a witness list prepared by defense counsel in that other case could be construed as an act by Defendants within the two-year statute of limitations is without any merit.

Finally, nowhere in their Opposition papers do Plaintiffs dispute that the applicable statute of limitations period has run. Accordingly, the Court finds that all of Plaintiffs' claims are time-barred. Thus, no other bases for dismissal need be addressed.

### III.  Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss Plaintiffs' claims with prejudice.

Dated January 26, 2009            /s/ Freda L. Wolfson
                                  Honorable Freda L. Wolfson
                                  United States District Judge